# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| AMBER HANEY, JASON EVANS, and MCKENNIA FITCH, individually and on behalf of all others similarly situated, | Case No. 2:23-cv-46 |
| *Plaintiffs*, | Judge Travis R. McDonough |
| v. | Magistrate Judge Cynthia R. Wyrick |
| CHARTER FOODS NORTH, LLC and CHARTER FOODS, INC. | |
| *Defendants*. | |

| | |
|---|---|
| DAVID KNIGHTEN, individually and on behalf of all others similarly situated, | Case No. 2:23-cv-168 |
| *Plaintiff*, | Judge Travis R. McDonough |
| v. | Magistrate Judge Cynthia R. Wyrick |
| CHARTER CENTRAL, LLC and CHARTER FOODS, INC. | |
| *Defendants*. | |

## ORDER

Before the Court is the parties' joint motion to consolidate Case No 2:23-cv-46 and Case No. 2:23-cv-168 and to stay to proceedings (Doc. 49). The Court previously consolidated case numbers 2:23-cv-46 and 2:23-cv-69. (Doc. 33.) For the following reasons, the Court will **GRANT** the motion (Doc. 49).

Under Rule 42 of the Federal Rules of Civil Procedure, courts may consolidate cases "if the actions . . . involve a common question of law or fact." When considering the consolidation. courts should consider whether "the risks of prejudice and confusion are outweighed by other factors including 'the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources.'" *Carpenter v. GAF Corp.*, 16 F.3d 1218 (table), 1994 WL 47781, at *1 (6th Cir. Feb. 15, 1994) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). However, once the decision to consolidate is made, the suits are not "merged" into a single cause of action, nor do the rights of the parties change. *See Blanchard v. Tenn. Valley Auth.*, 2010 WL 2721491, at *2 (E.D. Tenn. July 8, 2010).

In this case, the Court finds that the above-captioned cases will likely involve common questions of law and fact such that it would be in the interest of judicial economy to consolidate them for pretrial purposes. Accordingly, the parties' joint motion to consolidate (Doc. 49) is **GRANTED**. Case Numbers 2:23-cv-46 and 2:23-cv-168 shall be **CONSOLIDATED**, with Case No. 2:23-cv-46 being designated as the lead case because it was the first to be filed chronologically. Pending final resolution of these consolidated cases, all subsequent papers, pleadings, and motions shall be filed in Case No. 2:23-cv-46. It is not necessary for the Clerk or the attorneys to note filings on each docket sheet, as it will be understood that, because of this Order, each filing in Case No. 2:23-cv-46 will be deemed to have also been filed in Case No. 2:23-cv-168. At such time as the final resolution of the consolidated cases is made, the final order will be filed in each case, at which time the cases shall be closed.

The parties also seek to stay the proceedings for sixty days pending mediation and, if the mediation is unsuccessful, order Plaintiffs to file a second consolidated complaint. For good

cause shown, the Court **GRANTS** this motion.  This case is **STAYED** until **April 19, 2024**. Should mediation be unsuccessful, Plaintiffs are **ORDERED** to file a second consolidated complaint by **May 20, 2024**.  Defendants' pending motion to dismiss Plaintiffs' consolidated complaint (Doc. 38) is **DENIED WITH LEAVE TO REFILE**.

    **SO ORDERED.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**